Argued and submitted November 23, 1987, affirmed December 7, 1988, reconsideration denied January 27, petition for review denied March 7, 1989 (307 Or 514)

# WIENEKE PROPERTIES, INC.,
*Respondent,*

*v.*

# THIESSEN et al,
*Appellants.*

(83-6-468; CA A40576)

765 P2d 815

Catherine N. Carroll, Portland, argued the cause and filed the briefs for appellants.

Brad Littlefield, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants appeal a judgment for $41,700, plus interest and attorney fees, in plaintiff's action for a real estate sale commission. They assign as error that the court, which tried the case without a jury, found that the parties had made an enforceable real estate commission agreement and that it awarded attorney fees to plaintiff. We affirm.

On June 25, 1982, defendants, as sellers, signed an earnest money contract with Baker, as purchaser, to sell the Townhouse Village Condominium Units.[1] The contract provided that the purchaser would pay $795,000, of which $250,000 would be paid by transfer of a condominium unit and the balance would be paid over a ten-year period under a land sale contract. The sale was to close and defendants were to deliver possession to the purchaser by July 25, 1982. The contract named plaintiff as both the "Listing Realtor" and the "Selling Realtor." Plaintiff and defendants, without filling in the blanks, signed the portion of the contract headed "Sellers Closing Instructions & Fee Agreement," across which was written, "See Exhibit D attached."

Exhibit D, dated July 13, 1982, entitled "Addendum to Earnest Money Contract," states that it is "a fee agreement between [defendants] and [plaintiff]" and provides, in part, that "the original fee agreed upon between [defendants] and [plaintiff] for the sale of [the property] was six percent of the sales price of $795,000, or $48,000."[2] The exhibit listed contingencies that would alter the amount of the commission. None of the contingencies occurred.

Defendants closed the sale to Baker for $695,000 on October 18, 1982. Other terms of the land sale contract also differed from those described in the contract. Defendants refused to pay a commission, and plaintiff filed this action.

The court made findings:

"There was a fee agreement signed by defendants to pay plaintiff a commission of six percent of the selling price for the sale

---

[1] Plaintiff and defendants had not entered into a listing agreement for the Townhouse property.

[2] We note that six percent of $795,000 is $47,700, not $48,000.

of the [property] to [purchaser], and the defendants knew and understood what they were signing.

"There was a continuous effort and course of conduct by plaintiff without interruption to consummate the sale of the [property] to [purchaser] from the earnest money agreement (June 25, 1982) to the final contract on October 18, 1982. Plaintiff was the procuring cause of such final contract of sale to [purchaser].

"There was no termination of the fee agreement or earnest money agreement.

"Some time in September, 1982, defendants wrongfully and in breach of the contract excluded plaintiff from participating in the finalization of the sale of the [property] to [purchaser].

"A sale of the [property] to [purchaser] was consummated on October 18, 1982, as a result of plaintiff's efforts.

"The selling price of the [property] to [purchaser] was $695,000, and plaintiff is entitled to commission of six percent of such selling price."

The court entered judgment for plaintiff.

Defendants do not argue that there is no substantial evidence to support the court's findings, but they assert that plaintiff cannot recover a real estate commission, because the fee agreement is void under the Statute of Frauds. ORS 41.580, provides, in part:

"In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by the lawfully authorized agent of the party; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:

"* * * * *

"(7)   An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or commission; but if the note or memorandum of the agreement is in writing and subscribed by the party to be charged, or by the lawfully authorized agent of the party, and contains a description of the property sufficient for identification, and authorizes or employs the agent or broker to sell the property,

and expresses with reasonable certainty the amount of commission or compensation to be paid, the agreement shall not be void for failure to state a consideration."

Defendants argue that the fee agreement does not comply, because it does not state with "reasonable certainty" the amount of plaintiff's commission, there was no written fee agreement applicable to the sale that was closed and there was no written extension of the fee agreement for the period after July 25, 1982.

■ ■ We conclude that the fee agreement states the amount of the commission "with reasonable certainty." The court correctly found that the commission is six percent of the final sales price and properly considered the intent of the parties in construing the agreement to provide that defendants would pay plaintiff six percent of whatever defendants and Baker finally agreed upon. It would have been unnecessary for defendants and plaintiff to include a figure of "six percent," if the fee agreement was that plaintiff could earn a commission only if defendants consummated the sale to Baker for $795,000. Although defendants and Baker modified the terms of their sales agreement and they were free to set a price at less than $795,000, they could not modify the fee agreement between defendants and plaintiff.

■ A written extension of time is not required to satisfy ORS 41.580(7), if the parties impliedly or expressly agree to the extension. *Ferris v. Meeker Fertilizer Co.,* 258 Or 377, 385, 482 P2d 523 (1971). Whether there was an agreement is a question of fact. *Ferris v. Meeker Fertilizer Co., supra,* 258 Or at 383. *Widing et al v. Jensen, Real Estate Com.,* 231 Or 541, 548, 373 P2d 661 (1962). The time of performance may be impliedly extended when "the principal, after the expiration date, encourages the broker to continue his efforts, and the broker does so with the knowledge and approval of the principal." *Snyder v. Schram,* 274 Or 539, 542, 547 P2d 102 (1976).

The court found that there "was no termination of the fee agreement." There was also substantial evidence that defendant, after the expiration date, encouraged plaintiff to continue its efforts to consummate the deal with Baker and that plaintiff continued its efforts with defendants' knowledge and approval. The court must have found, therefore, that defendants and plaintiff impliedly extended the agreement to

the date of closing, and there is substantial evidence to support such a finding. Defendants do not challenge the court's findings that there was a continuous effort and course of conduct by plaintiff without interruption to consummate the sale of the property to purchaser from June 25, 1982, to October 18, 1982, that plaintiff was the procuring cause of the final contract of sale to purchaser and that the sale of the property to Baker was consummated on October 18, 1982, as a result of plaintiff's efforts. Accordingly, the court did not err when it entered judgment for plaintiff for six percent of $695,000.

■　　Defendants also argue that the court erred when it awarded plaintiff attorney fees. The reverse side of the first page of the contract provides, in a paragraph entitled "Attorney Fees":

> "If suit or action is filed on this contract, the party not prevailing agrees to pay the prevailing parties reasonable attorney fees which shall be fixed by the Court or Courts in which the suit or action, including any appeal therein is tried, heard or decided."

Defendants contend that plaintiff cannot rely on that paragraph because, they assert, plaintiff is not a party to the contract.

We conclude that plaintiff is a "party" to the contract. It consists of one sheet, printed on both sides, which we shall call "the document," and attached Exhibits A and D.[3] The document is divided into five parts. The first part, entitled "Sale Agreement & Receipt for Earnest Money," contains no signature lines or signatures. Plaintiff, however, is named as both the "Listing Realtor" and the "Selling Realtor." Printed at the top of the first part is this recitation:

> "Read important additional terms on reverse side of sale agreement & receipt for earnest money before signing. These additional terms regarding Title Insurance, Forfeiture provisions and attorney fees are included in this agreement."

The second part, entitled "Agreement to Purchase," is signed by the purchaser. The third part, entitled "Agreement to Sell," is signed by defendants as the sellers. The fourth part,

---

[3] Exhibit A refers to the "foregoing and attached Earnest Money Contract" and recites that it is "a part of the foregoing Earnest Money Contract." Otherwise, it is not pertinent to the dispute here.

entitled "Delivery to Purchaser," is signed by the purchaser. The fifth part, entitled "Seller's Closing Instructions & Fee Agreement," is signed by plaintiff and defendants. In that part, the blanks are not filled in, but "See Exhibit D attached" is written across it.[4] On the reverse side of the document under the title "Additional Terms to Earnest Money Contract" are the three paragraphs entitled "Title Insurance," "Forfeiture Provisions" and "Attorney Fees."

We must read all parts of the contract together. There are significant cross-references between the various parts. The reverse side of the document and Exhibits A and D refer to their provisions as "additional" to or "part of" or as "an addendum" to the contract. The "Sellers Closing Instructions & Fee Agreement" refers to the "Forfeiture Provisions" on the reverse side of the document[5] and that paragraph refers to the "Seller's Closing Instructions & Fee Agreement" on the front. The first and fifth parts on the front and the "Additional Terms" on the back all refer to the "realtor." The lines on the front of the document are consecutively numbered from 1 to 77. On the reverse side, the numbers continue from lines 78 through 111, including lines 107 through 111, which encompass the paragraph entitled "Attorney Fees." That paragraph is the only place where the word "party" is used. Elsewhere the contract only uses the terms "seller," "purchaser," or "realtor." We conclude that the term "party" refers to the seller, the purchaser and the realtor. Accordingly, plaintiff is a

---

[4] The printed text of the part entitled "Seller's Closing Instructions & Fee Agreement" recites:

"In the event of a forfeiture of the earnest money and additional earnest money, less deductions as provided on reverse side hereof, the forfeited earnest money shall be disbursed: Seller _____% Realtor _____% to the extent of realtor's total fee with residue to seller."

[5] The Forfeiture Provisions provide, in part:

"If the said sale is approved by the seller and title to said premises is marketable, and the purchaser neglects or refuses to comply with any conditions of sale within ten (10) days from the furnishing of a preliminary title report, or make payments promptly as set forth on the reverse side hereof, then the earnest money and additional earnest money receipted for on the reverse side hereof shall be forfeited, the cost of title insurance, escrow and attorney fees paid, and the remainder divided as provided on the reverse side hereof under Seller's closing instructions & fee agreement between the seller and the REALTOR to the extent of the agreed upon fee, and the residue, if any, paid to the seller as liquidated damages and this contract shall thereupon be of no further binding effect, or at his option, seller may seek damages or specific performance of this contract."

"party," and the court did not err when it awarded attorney fees.

Affirmed.